IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD WASHINGTON, : | |
| Petitioner, : | |
| : | No. 1:19-cv-1461 |
| v. : | |
| : | (Judge Kane) |
| SUPERINTENDENT : | |
| LAUREL HARRY, et al., : | |
| Respondents : | |

## **MEMORANDUM**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) filed by pro se Petitioner Donald Washington ("Petitioner"), who is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"). Petitioner filed motions for leave to proceed in forma pauperis (Doc. Nos. 3, 8) but paid the requisite filing fee on September 14, 2019. Given Petitioner's payment of the filing fee, the Court will deny as moot his motions for leave to proceed in forma pauperis. For the following reasons, the Court will summarily dismiss Petitioner's § 2254 petition.

## I.  PROCEDURAL HISTORY

On December 29, 1993, Petitioner was sentenced to a term of life imprisonment after he was "convicted of first degree murder, criminal conspiracy to commit aggravated assault, and recklessly endangering another person" following a jury trial in the Court of Common Pleas for Dauphin County. See Washington v. SCI Coal Twp. Superintendent, No. 4:CV-05-2387, 2006 WL 898168, at *1 (M.D. Pa. Apr. 4, 2006). On July 18, 1994, the Superior Court of Pennsylvania affirmed Petitioner's convictions and sentence. See Commonwealth v. Washington, 649 A.2d 465 (Pa. Super. 1994). On April 18, 1995, the Supreme Court of

Pennsylvania denied Petitioner's petition for allowance of appeal. See Commonwealth v. Washington, 657 A.2d 490 (Pa. 1995).

On June 22, 1995, Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for Dauphin County. See Washington, 2006 WL 898168, at *1. The PCRA court denied his petition on January 15, 1997. See id. Petitioner's appeal was denied by the Superior Court on August 4, 1998, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 23, 1999. See id. Petitioner subsequently filed three (3) more PCRA actions, all of which were unsuccessful. See id.

In November of 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 with this Court. See id. In that petition, Petitioner claimed that he was entitled to habeas relief based upon the following grounds:

> (1) counsel at his arraignment failed to request a pre-trial line up; (2) all subsequent counsel neglected to raise the lack of a pre-trial line up issue; (3) trial counsel did not object[] to a suggestive in-court identification of the Petitioner; (4) appellate counsel failed to raise the identification issue; (5) trial counsel neglected to request a Kloiber instruction; [1] (6) appellate counsel did not raise the Kloiber issue. [Petitioner] also challenge[d] his conviction on the grounds that he was subjected to an in-court suggestive identification and that Dwight Sutton, who [was] described as being a key Commonwealth witness, has recanted his testimony.

Id. On April 4, 2006, the Honorable James F. McClure dismissed Petitioner's § 2254 petition as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). See id. at *3-4. Judge McClure subsequently denied Petitioner's motion for reconsideration on October 24, 2006. See Washington v. SCI Coal Twp. Superintendent, No. 4:CV-05-2387, 2006 WL 3042983, at *2 (Oct. 24, 2006).

Thereafter, on May 5, 2010, Petitioner filed a fifth PCRA petition, alleging that counsel was ineffective for never conveying a plea offer to him. See Commowealth v. Washington, No.

---

[1] See Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (Pa. 1954).

2

1221 MDA 2014, 2015 WL 7576068, at *1 (Pa. Super. Ct. Feb. 2, 2015). The PCRA court dismissed his petition, the Superior Court affirmed the dismissal, and the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. See id. Petitioner also filed a sixth PCRA petition, alleging that his sentence of life imprisonment violated the Eighth Amendment in light of the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012).[2] See id. The PCRA court denied the PCRA petition, and the Superior Court affirmed that denial. See id. at *4.

On October 20, 2017, Petitioner filed another PCRA petition, again arguing that his sentence was illegal pursuant to Miller. See Commonwealth v. Washington, No. 1953 MDA 2017, 2018 WL 6258698, at *1 (Pa. Super. Ct. Nov. 30, 2018). Petitioner also argued that the United States Supreme Court's decision in Atkins v. Virginia, 536 U.S. 304 (2002),[3] "made illegal mandatory sentencing schemes that mandate life without possibility of parole for defendant[s] who suffer from mental disorders or [are] similarly situated." See id. The PCRA court dismissed his petition on November 3, 2017. See id. On November 30, 2018, the Superior Court affirmed the dismissal of the PCRA petition. See id. at *2. The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on June 19, 2019. See Commonwealth v. Washington, No. 49 MAL 2019, 2019 WL 2520445 (Pa. June 19, 2019).

---

[2] In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" See Miller, 567 U.S. at 465. The Supreme Court subsequently held that the rule announced in Miller is a substantive rule that must be retroactively applied to cases on collateral review. See Montgomery v. Louisiana, 136 S. Ct. 718, 736 (2016).

[3] In Atkins, the Supreme Court concluded that execution of "mentally retarded criminals" violates the Eighth Amendment's prohibition against cruel and unusual punishments. See Atkins, 536 U.S. at 321.

3

On August 23, 2019, the Court received the instant § 2254 petition from Petitioner. In this petition, Petitioner again challenges his judgment of conviction from Dauphin County and maintains that his sentence of life imprisonment without the possibility of parole is unconstitutional. (Doc. No. 1 at 1, 5.) Specifically, Petitioner asserts that his sentence is illegal pursuant to Atkins because he suffers from a "documente[]d history of mental disorders, and retardation." (Doc. No. 2 at 10.) As relief, Petitioner seeks to have his life sentence vacated and to be resentenced to a sentence that "reflects [his] diminished culpability." (Id. at 25.) Petitioner's § 2254 petition has not been served upon Respondent. The Court now considers the § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

## II. DISCUSSION

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the petitioner. See id. § 2254(b)(1). Moreover, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the petitioner to exhaust available remedies in the State courts. See id. § 2254(b)(2). In other words, a petition for a writ of habeas corpus must meet exacting substantive and procedural standards in order for a petitioner to obtain relief. See id.

With respect to habeas petitions filed by state prisoners pursuant to § 2254, Congress has restricted the availability of second and successive petitions pursuant to 28 U.S.C. § 2244(b), which provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). The gatekeeping responsibilities of the courts of appeals set forth in § 2244(b)(3)(A) have essentially divested district courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, [Section 2244(b)(3)(A)] is an allocation of subject-matter jurisdiction to the court of appeals."). Thus, if a prisoner asserts a claim that he previously presented in a federal habeas petition, it must be dismissed in all cases. See 28 U.S.C. § 2244(b)(1). Moreover, if the prisoner asserts a claim that he could have raised in a previous petition, the claim must be dismissed by the court

of appeals unless it falls within one of two narrow exceptions: (1) claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, see id. § 2244(b)(2)(B), or (2) claims relying on new rules of constitutional law, see id. § 2244(b)(2)(A). "However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so." Louder v. Coleman, No. 09-1124, 2009 WL 4893193, at *3 (W.D. Pa. Dec. 10, 2009). Thus, the petitioner must, in the first instance, convince "the Court of Appeals that his second or successive petition falls within the narrow exception permitted by the AEDPA and have the Court of Appeals grant him leave to file such a second or successive petition." See id.; see also 28 U.S.C. § 2244(b)(3)(A).

A review of the instant § 2254 petition reveals that Petitioner's challenge is to the very same state court judgment and sentence Petitioner sought relief from in his previously-filed § 2254 petition in this Court. Because the claim he now asserts could have been raised in Petitioner's initial § 2254 petition and does not fall within any of the statutory exceptions outlined above, the instant petition is a second or successive § 2254 petition over which this Court lacks subject-matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. See id. § 2244(b); Benchoff v. Colleran, 404 F.3d 812, 815-17 (3d Cir. 2005); Louder, 2009 WL 4893193, at *3 (concluding that dismissal of the petitioner's § 2254 petition without serving it upon the respondents was proper because it was a second or successive petition and the petitioner had not demonstrated that he had obtained permission from the court of appeals to file it). In the instant case, there is no indication that the Third Circuit granted Petitioner leave to file a second or successive § 2254 petition.

Accordingly, the instant § 2254 petition must be summarily dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2).

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny as moot Petitioner's motions for leave to proceed in forma pauperis (Doc. Nos. 3, 8) and dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2). This dismissal will be without prejudice to Petitioner's right to seek pre-

authorization to file a second or successive petition from the Third Circuit under 28 U.S.C. § 2244(b)(3).  A COA will not issue.  An appropriate Order follows.